# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

| | | |
|---|---|---|
| **ANTHONY TYRONE ANDERSON,** | ) | |
| | ) | |
| Petitioner, | ) | **C. C. A. NO. W1999-01730-CCA-R3-PC** |
| | ) | |
| vs. | ) | **MADISON COUNTY** |
| | ) | |
| **STATE OF TENNESSEE,** | ) | **No. C99-182** |
| | ) | |
| Respondent. | ) | |

**FILED**

**March 23, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

**O R D E R**

This matter is before the Court upon the state's motion to affirm the trial court judgment by order pursuant to Rule 20, Rules of the Court of Criminal Appeals. In 1989, the petitioner was convicted on three counts of burglary and three counts of larceny and received a forty-five year sentence. This Court affirmed the convictions and sentences on appeal, State v. Anthony Tyrone Anderson, No. 3, Madison County (Tenn. Crim. App., Apr. 25, 1990), and the Supreme Court denied permission to appeal on July 30, 1990. On May 12, 1999, the petitioner filed a petition for post-conviction relief. Finding that the statute of limitations has expired, the trial court dismissed the petition.

Pursuant to T.C.A. § 40-30-202(a), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which judgment became final. The Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations, however none of them are applicable to the present case. See § 40-30-202(b). The record reflects that the petition in this case was filed well beyond the applicable statute of limitations, and is, therefore, untimely.[1]

---

[1] The petition would also be barred under the previous three year statute of limitations. See T.C.A. § 40-30-102 (1990) (repealed); Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App.), perm. to app. denied, (Tenn. 1994).

Accordingly, we conclude that the trial court did not err in dismissing the petitioner's petition for post-conviction relief. It is, therefore, ORDERED that the judgment of the trial court is hereby affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Costs shall be taxed to the state.

_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE